IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: BITTREX, INC., | : | Chapter 11 |
| | : | Case No. 23-10598 (BLS) |
| Wind Down Entity. | : | Jointly Administered |
| | : | |
| ARABOUR, *et al.*, | : | Civ. No. 24-714-JLH |
| | : | (lead) |
| Appellants, | : | Civ. No. 24-716-JLH |
| v. | : | Civ. No. 24-719-JLH |
| | : | (consolidated) |
| THE PLAN ADMINISTRATOR, | : | |
| | : | |
| Appellee. | : | |

**MEMORANDUM ORDER**

**I.     INTRODUCTION**

The above-captioned appeals arise from the chapter 11 cases of Bittrex, Inc. and certain of its affiliates (together, the "Debtors"). *Pro se* appellants Adel Abbasi, Shahriar Arabpour, and Amirali Momenzadeh (together, the "Appellants"), appealed the Bankruptcy Court's memorandum orders (BUS Bankr. D.I. 148, 149, 150)[1] and accompanying orders (BUS Bankr. D.I. 210, 212, 213) (the "Bankruptcy Court Orders") sustaining the Debtors' objections to Appellants' claims, disallowing Appellants' claims for damages, and limiting Appellants' claims to the cryptocurrency associated with their accounts. On July 22, 2024, at the request of the parties, the appeals were consolidated. (D.I. 5.) On September 19, 2025, this Court issued an order (D.I. 35) (the "Order") and accompanying opinion (D.I. 34) (the "Opinion") affirming the Bankruptcy

---

[1] "Des. Bankr. D.I." refers to the docket of the chapter 11 case of Desolation Holdings LLC (Case No. Case 23-10597), and "BUS Bankr. D.I." refers to the docket of the chapter 11 case of Bittrex, Inc. (Case No. 23-10598). Civ. No. 24-714-JLH is Mr. Arabpour's appeal of Bankr D.I. 148, 212; Civ. No. 23-716-JLH is Mr. Abbasi's appeal of the Bankr. D.I. 149, 213; Civ. No. 24-719-JLH is Mr. Momenzadeh's appeal of Bankr. D.I. 150, 210. The docket of the consolidated appeal, Civ. No. 24-714-JLH, is cited herein as "D.I. __."

1

Court Orders. On September 29, 2025, each of the Appellants filed a Notice of Appeal with respect to the Order. (D.I. 36, 39, 40.) Pending before the Court is the Appellants' joint *Motion for Enlargement of Time to File Motion for Rehearing Pursuant to Federal Rule of Bankruptcy Procedure 8022* (D.I. 37) (the "Motion for Enlargement"). The Plan Administrator ("Appellee") opposes the relief requested. (D.I. 38.)

## II.     APPLICABLE STANDARD

Federal Rule of Bankruptcy Procedure 8022 provides that, "[u]nless the time is shortened or extended by order or local rule, any motion for rehearing by the district court or BAP must be filed within 14 days after a judgment on appeal is entered." Fed. R. Bankr. P. 8022(a)(1).

## III.    ANALYSIS

The Court entered its Order on September 19, 2025. Pursuant to Bankruptcy Rule 8022, Appellants had 14 days—or until October 3, 2025—to file either a motion for rehearing or a request to extend the time for rehearing. *Ocwen Loan Servicing, LLC for Deutsche Bank Nat'l Tr. Co. v. Randolph*, 2018 WL 2220843, at *2 (W.D. Pa. May 15, 2018). The Motion for Enlargement was not filed until October 9, 2025. (D.I. 37.) "Once this deadline has passed, a motion to extend the time for rehearing may only be granted if the 'failure to act was the result of excusable neglect.'" *Ocwen*, 2018 WL 2220843, at *1 (quoting Fed. R. Bankr. P. 9006(b)(1) which provides that the court may, for cause, "extend the time to act if on motion made after the specified period expires, the failure to act within that period resulted from excusable neglect"). "Consequently, [Appellants] must demonstrate that [their] failure to seek rehearing in a timely manner was the result of 'excusable neglect.'" *Id.* at *2; *see also* Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time: on motion made after the time has expired if the party failed to act because of excusable neglect.").

To determine excusable neglect in situations where, as here, the need for an extension is "occasioned by something within the control of the movant," the court must consider four factors: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Martinez v. City of Reading Prop. Maint. Div.*, 2018 WL 1290087 (E.D. Pa. Mar. 13, 2018) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The determination is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Ragguette v. Premier Wine & Spirits,* 691 F.3d 315, 324 (3d Cir. 2017) (quoting *Pioneer*, 507 U.S. at 395). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' … is a somewhat 'elastic concept,' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id*. (quoting *Pioneer*, 507 U.S. at 392). Finally, while parties appearing *pro se* are afforded a greater degree of leniency and their pleadings are held to "less stringent standards than formal pleadings drafted by lawyers," *pro se* litigants must still "abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 244–45 (3d Cir. 2013).

Appellants argue that they have satisfied the *Pioneer* factors for excusable neglect and should be permitted to file a motion (or motions) for rehearing past the deadline. (*See* D.I. 37 at 5.) According to Appellants, enlarging the deadline to permit the filing of a motion for rehearing will result in minimal prejudice to Appellee or impact on judicial proceedings because the delay has been (or will be) brief; there are good reasons for the delay including "language barriers, international service, complex legal research, and pro se status;" and because Appellants have "consistently acted in good faith, preserved all deadlines, and promptly sought relief upon

identifying barriers." (*See id*.) Moreover, Appellants argue that "[c]ourts in this District and the Third Circuit have granted similar relief," and cite the following purported "cases" in support:

- *In re SemCrude, L.P.*, 405 B.R. 230, 232 (D. Del. 2009) (purportedly granting 14-day extension under Fed. R. Bankr. P. 8022 for pro se debtor with language and logistical barriers);

- *In re PNB Holding Co.*, 2009 WL 5214150, at *2 (D. Del. Dec. 23, 2009) (purportedly granting an extension where complex issues and pro se status warranted additional briefing time);

- *In re Roadhouse Holding Inc.*, 777 F. App'x 79, 81 (3d Cir. 2019) (purportedly enlarging the deadline under Fed. R. Bankr. P. 8002(d)(1)(B) for excusable neglect);

- *In re Marie L. Chavannes*, 641 F. App'x 243, 245 (3d Cir. 2016) (purportedly finding excusable neglect where pro se debtor missed deadline due to notice issues).[2]

(*Id*.) As Appellee points out in his opposition (D.I. 38), none of these citations are accurate, nor has the Court been able to locate any cases under similar names which contain the purported holdings or are otherwise relevant. Appellee further points out that the Motion for Enlargement does not state with particularity any point of law or fact overlooked or misapprehended for which Appellants intend to seek rehearing. Appellee further disagrees that there will be minimal prejudice or impact by granting the Motion for Enlargement. According to Appellee, since the filing of these appeals, Appellants have made little effort to adhere to applicable rules, and the Motion for Enlargement represents yet another example of Appellants' conduct:

> The filings submitted by Appellants to this Court have been largely incomprehensible, and have disregarded almost every relevant section of Federal Rule of Bankruptcy Procedure 8014(a) and (c). Their previous submissions to this Court failed to include required

---

[2] The Court managed to locate a decision under this name with a different citation, *In re Chavannes*, 658 F. App'x 65, 67 (3d Cir. 2016), which discusses excusable neglect but clearly does not stand for the proposition for which it is cited; even if it did, that proposition would not advance Appellants' cause as there is no assertion here that Appellants somehow lacked notice of entry of the Bankruptcy Court Orders or that the delay was somehow attributable to third parties. *See id*. at 67 (rejecting appellant's argument that failure to file a timely appeal was attributable to "excusable neglect" based on lack of notice or errors by the clerk's office or counsel).

4

> components such as tables of contents and authorities, jurisdictional statements, identification of the issues presented, the applicable standard of review, procedural history, and summaries of their arguments. They did not specify which rulings they were asking this Court to review, provided no citations to the record, and the few case law citations they did include were misleading, inaccurate, and lacked relevance and proper contextualization. Consequently, Appellees had to use the limited remaining resources of the estates, which should be available for distribution to stakeholders, to respond to briefing that was incoherent, filled with senseless and haphazard accusations, and advanced arguments that found no support in the record…. In the event that the Court grants the Motion [for Enlargement], there can be little doubt that [Appellants] will once again regurgitate the same facts, law, and arguments identical to those the Court has already considered.

(D.I. 38 at 3 (internal citations omitted).)

Taking into account all relevant circumstances surrounding Appellants' failure to timely seek rehearing, the Court agrees that Appellants have failed to demonstrate excusable neglect under the *Pioneer* factors. While the delay here is not lengthy, the Court finds that the reason for the delay was within the reasonable control of Appellants, who have participated extensively in the Bankruptcy Court proceedings and the appellate proceedings despite their *pro se* status. Moreover, the Court disagrees that the relief requested will have little impact on judicial proceedings. A motion for rehearing under Bankruptcy Rule 8022 "functions, essentially, like a traditional motion for reconsideration." *Lau v. Bank of America (In re Lau)*, 684 Fed. App'x 235, 239 (3d Cir. 2017). "A motion for rehearing does not permit parties to recycle cases and arguments which the District Court already rejected in rendering its original decision." *Id*. The test is whether "(1) the court has patently misunderstood a party, (2) the court has made a decision outside the adversarial issues presented ... by the parties; (3) the court has made an error not of reasoning but of apprehension; or (4) there has been a controlling or significant change in the law or facts since the submission of the issue to the Court." *Id*. (quoting *Thomas v. U.S. Bank Nat'l Ass'n*, 474

B.R. 450, 456-57 (D.N.J. 2012)). The Motion for Enlargement demonstrates Appellants' misunderstanding as to the very purpose served by Bankruptcy Rule 8022. Rather than identifying any point of law or fact overlooked or misapprehended by the Court, or asserting that there has been a change in the law or facts, the Motion for Enlargement promises that Appellants' motion for rehearing will "address multiple overlapping areas—OFAC sanctions, contract enforceability, damages, tort law, statutes of limitations, and Void ab inito [sic]." (D.I. 37 at 4.) It is therefore clear that Appellants, consistent with their prior filings, intend to seek "rehearing" with respect to a litany of issues including nearly every aspect of the Court's 36-page Opinion. A motion for rehearing is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly. *Williams v. Pittsburgh,* 32 F.Supp.2d 236, 238 (W.D. Pa. 1998). Such arguments must be directed to the Court of Appeals.

Far more important to the Court's determination as to excusable neglect are Appellants' misleading suggestions that courts in this jurisdiction have granted the relief they request based on cases which do not exist. Regardless of whether or not these misrepresentations are attributable to the fallacies of artificial intelligence, they are certainly not attributable to "language barriers, international service, complex legal research, [or Appellants'] pro se status" (D.I. 37 at 5), and they weigh against any conclusion that Appellants have acted in good faith in requesting relief from the deadline.

IV.   CONCLUSION

Accordingly, for the reasons set forth herein, the Motion for Enlargement (D.I. 37) is DENIED.

Dated: October 22, 2025

```
_____
THE HONORABLE JENNIFER L. HALL
UNITED STATES DISTRICT JUDGE
```